IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| MARIE "ANGIE" GREEN, TINA MYERS, BRANDON PEROWSKI, DAVID KOFRON, SETH ROTTGERING, ASHLEY CONNER, NATHANIEL PERKINS, JAMES RICHARDSON, KEISHA RICHARDSON, KEITH NAUFEL, DARRYL GILBERT, TRACY ATKINSON, MARIA ANDERSON, KELSIE TRAVIS, STANLEY WILLIAMS, TODD N. LAWLER, CAITLYN PARRISH, DAVID L. McCLAIN, BUFFY TIMMONS, HOLLY HIETT, ANDREW HALL, ASHLEY JORDAN-KOZLOSKI, LINDA STOKES, JOSHUA PRIDDY and PAUL KITT, *On Behalf of Themselves and All Others Similarly Situated*, | Case No.: 5:20-cv-25-TBR |
| Plaintiffs, | JURY DEMAND |
| v. | |
| GENOVA PRODUCTS, INC., | |
| Defendant. | |

**CLASS ACTION COMPLAINT FOR VIOLATION OF THE
WORKER ADJUSTMENT AND RETRAINING NOTIFICATION ACT**

COME NOW the Plaintiffs, Marie "Angie" Green, Tina Myers, Brandon Perowski, David Kofron, Seth Rottgering, Ashley Conner, Nathaniel Perkins, James Richardson, Keisha Richardson, Keith, Naufel, Darryl Gilbert, Tracy Atkinson, Maria Anderson, Kelsie Travis, Stanley Williams, Todd N. Lawler, Caitlyn Parrish, David L. McClain, Buffy Timmons, Holly Hiett, Andrew Hall, Ashley Jordan-Kozloski, Linda Stokes, Joshua Priddy and Paul Kitt, on behalf of themselves and all others similarly situated, by and through their undersigned counsel, and state as follows:

## NATURE OF THE COMPLAINT

1.	Plaintiffs bring this action against Defendant Genova Products, Inc. for collection of unpaid wages and benefits for sixty (60) calendar days pursuant to the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et seq.* ("WARN Act").  Defendant is liable under the WARN Act for the failure to provide Plaintiff and other similarly situated former employees at least sixty days advance notice of their employment losses, as required by the WARN Act.

## JURISDICTION AND VENUE

2.	This Court has jurisdiction over Plaintiffs' claims pursuant to the WARN Act, 29 U.S.C. § 2101, *et seq.*, because it raises a federal question pursuant to 28 U.S.C. § 1331 and pursuant to 29 U.S.C. § 2104(a)(5).

3.	Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 2104(a)(5) because Defendant conducts business, employed Plaintiffs, and committed the acts constituting violations of the WARN Act in McCracken County, Kentucky, which is located within this judicial district.

## PARTIES

**A.**	**Plaintiffs**

*Named Plaintiffs*

4.	Plaintiff Marie "Angie" Green is a resident of Paducah, McCracken County, Kentucky who was employed by Defendant at its Paducah, Kentucky facility until November 2019 when Defendant permanently laid her off without advance notice and, later, formally terminated her.  Plaintiff Green earned regular compensation and other employee benefits and was damaged by Defendant's violation of the WARN Act.

5. Plaintiff Tina Myers is a resident of Paducah, McCracken County, Kentucky who was employed by Defendant at its Paducah, Kentucky facility until November 2019 when Defendant permanently laid her off without advance notice and, later, formally terminated her. Plaintiff Myers earned regular compensation and other employee benefits and was damaged by Defendant's violation of the WARN Act.

6. Plaintiff Brandon Perowski is a resident of Paducah, McCracken County, Kentucky who was employed by Defendant at its Paducah, Kentucky facility until November 2019 when Defendant permanently laid him off without advance notice and, later, formally terminated him. Plaintiff Perowski earned regular compensation and other employee benefits and was damaged by Defendant's violation of the WARN Act.

7. Plaintiff David Kofron is a resident of Paducah, McCracken County, Kentucky who was employed by Defendant at its Paducah, Kentucky facility until November 2019 when Defendant permanently laid him off without advance notice and, later, formally terminated him. Plaintiff Kofron earned regular compensation and other employee benefits and was damaged by Defendant's violation of the WARN Act.

8. Plaintiff Seth Rottgering is a resident of Paducah, McCracken County, Kentucky who was employed by Defendant at its Paducah, Kentucky facility until November 2019 when Defendant permanently laid him off without advance notice and, later, formally terminated her. Plaintiff Rottgering earned regular compensation and other employee benefits and was damaged by Defendant's violation of the WARN Act.

9. Plaintiff Ashley Conner is a resident of Massac County, Illinois who was employed by Defendant at its Paducah, Kentucky facility until November 2019 when Defendant permanently laid her off without advance notice and, later, formally terminated her. Plaintiff Conner earned

regular compensation and other employee benefits and was damaged by Defendant's violation of the WARN Act.

10. Plaintiff Nathaniel Perkins is a resident of Paducah, McCracken County, Kentucky who was employed by Defendant at its Paducah, Kentucky facility until November 2019 when Defendant permanently laid him off without advance notice and, later, formally terminated him. Plaintiff Perkins earned regular compensation and other employee benefits and was damaged by Defendant's violation of the WARN Act.

12. Plaintiff James Richardson is a resident of Paducah, McCracken County, Kentucky who was employed by Defendant at its Paducah, Kentucky facility until November 2019 when Defendant permanently laid him off without advance notice and, later, formally terminated him. Plaintiff James Richardson earned regular compensation and other employee benefits and was damaged by Defendant's violation of the WARN Act.

13. Plaintiff Keisha Richardson is a resident of Paducah, McCracken County, Kentucky who was employed by Defendant at its Paducah, Kentucky facility until November 2019 when Defendant permanently laid her off without advance notice and, later, formally terminated her. Plaintiff Keisha Richardson earned regular compensation and other employee benefits and was damaged by Defendant's violation of the WARN Act.

14. Plaintiff Keith Naufel is a resident of Paducah, McCracken County, Kentucky who was employed by Defendant at its Paducah, Kentucky facility until November 2019 when Defendant permanently laid him off without advance notice and, later, formally terminated him. Plaintiff Naufel earned regular compensation and other employee benefits and was damaged by Defendant's violation of the WARN Act.

15. Plaintiff Darryl Gilbert is a resident of Paducah, McCracken County, Kentucky who was employed by Defendant at its Paducah, Kentucky facility until November 2019 when Defendant permanently laid him off without advance notice and, later, formally terminated him. Plaintiff Gilbert earned regular compensation and other employee benefits and was damaged by Defendant's violation of the WARN Act.

16. Plaintiff Tracy Atkinson is a resident of Massac County, Illinois who was employed by Defendant at its Paducah, Kentucky facility until November 2019 when Defendant permanently laid her off without advance notice and, later, formally terminated her. Plaintiff Atkinson earned regular compensation and other employee benefits and was damaged by Defendant's violation of the WARN Act.

17. Plaintiff Maria Anderson is a resident of Paducah, McCracken County, Kentucky who was employed by Defendant at its Paducah, Kentucky facility until November 2019 when Defendant permanently laid her off without advance notice and, later, formally terminated her. Plaintiff Anderson earned regular compensation and other employee benefits and was damaged by Defendant's violation of the WARN Act.

18. Plaintiff Kelsie Travis is a resident of Paducah, McCracken County, Kentucky who was employed by Defendant at its Paducah, Kentucky facility until November 2019 when Defendant permanently laid him off without advance notice and, later, formally terminated him. Plaintiff Travis earned regular compensation and other employee benefits and was damaged by Defendant's violation of the WARN Act.

19. Plaintiff Stanley Williams is a resident of Paducah, McCracken County, Kentucky who was employed by Defendant at its Paducah, Kentucky facility until November 2019 when Defendant permanently laid him off without advance notice and, later, formally terminated him.

Plaintiff Williams earned regular compensation and other employee benefits and was damaged by Defendant's violation of the WARN Act.

20. Plaintiff Todd N. Lawler is a resident of Paducah, McCracken County, Kentucky who was employed by Defendant at its Paducah, Kentucky facility until November 2019 when Defendant permanently laid him off without advance notice and, later, formally terminated him. Plaintiff Lawler earned regular compensation and other employee benefits and was damaged by Defendant's violation of the WARN Act.

21. Plaintiff Caitlyn Parrish is a resident of Massac County, Illinois who was employed by Defendant at its Paducah, Kentucky facility until November 2019 when Defendant permanently laid her off without advance notice and, later, formally terminated her. Plaintiff Parrish earned regular compensation and other employee benefits and was damaged by Defendant's violation of the WARN Act.

22. Plaintiff David L. McClain is a resident of Paducah, McCracken County, Kentucky who was employed by Defendant at its Paducah, Kentucky facility until November 2019 when Defendant permanently laid him off without advance notice and, later, formally terminated him. Plaintiff McClain earned regular compensation and other employee benefits and was damaged by Defendant's violation of the WARN Act.

23. Plaintiff Buffy Timmons is a resident of Paducah, McCracken County, Kentucky who was employed by Defendant at its Paducah, Kentucky facility until November 2019 when Defendant permanently laid her off without advance notice and, later, formally terminated her. Plaintiff Timmons earned regular compensation and other employee benefits and was damaged by Defendant's violation of the WARN Act.

24. Plaintiff Holly Hiett is a resident of Paducah, McCracken County, Kentucky who was employed by Defendant at its Paducah, Kentucky facility until November 2019 when Defendant permanently laid her off without advance notice and, later, formally terminated her. Plaintiff Hiett earned regular compensation and other employee benefits and was damaged by Defendant's violation of the WARN Act.

25. Plaintiff Andrew Hall is a resident of Paducah, McCracken County, Kentucky who was employed by Defendant at its Paducah, Kentucky facility until November 2019 when Defendant permanently laid him off without advance notice and, later, formally terminated him. Plaintiff Hall earned regular compensation and other employee benefits and was damaged by Defendant's violation of the WARN Act.

26. Plaintiff Ashley Jordan-Kozloski is a resident of Indianapolis, Marion County, Indiana who was employed by Defendant at its Paducah, Kentucky facility until November 2019 when Defendant permanently laid her off without advance notice and, later, formally terminated her. Plaintiff Jordan-Kozloski earned regular compensation and other employee benefits and was damaged by Defendant's violation of the WARN Act.

27. Plaintiff Paul Kitt is a resident of Paducah, McCracken County, Kentucky who was employed by Defendant at its Paducah, Kentucky facility until November 2019 when Defendant permanently laid him off without advance notice and, later, formally terminated him. Plaintiff Kitt earned regular compensation and other employee benefits and was damaged by Defendant's violation of the WARN Act.

28. Plaintiff Linda Stokes is a resident of Paducah, McCracken County, Kentucky who was employed by Defendant at its Paducah, Kentucky facility until November 2019 when Defendant permanently laid her off without advance notice and, later, formally terminated her.

Plaintiff Green earned regular compensation and other employee benefits and was damaged by Defendant's violation of the WARN Act.

29. Plaintiff Joshua Priddy is a resident of Paducah, McCracken County, Kentucky who was employed by Defendant at its Paducah, Kentucky facility until November 2019 when Defendant permanently laid her off without advance notice and, later, formally terminated her. Plaintiff Green earned regular compensation and other employee benefits and was damaged by Defendant's violation of the WARN Act.

**B.     Defendant**

30. Defendant Genova Products, Inc. is a Michigan corporation with its principal office located at 7034 East Court, Davidson, MI 48423. Its registered agent for service of process is Michael DeBoer, who may be served at 5400 Commerce Drive, Paducah, KY 42001.

## FACTUAL BACKGROUND

31. Defendant advertises itself on its website as one of the world's largest manufacturers of vinyl plumbing products.

32. Defendant had manufacturing and distribution facilities in locations across the United States, including in Paducah, Kentucky.

33. On or about Friday, November 15, 2019, some Plaintiff and other employees arrived at the Paducah, Kentucky facility to find a note telling them the facility was closed until Monday, November 19, 2019, except for certain production employees and management, who would continue to work.

34. Before reporting to work on November 19, 2019, however, Plaintiffs and other employees received phone calls stating that temporary closure would be extended until December 2, 2019, which was later extended until December 4, 2019.

35. On December 4, 2019, however, Plaintiffs and other employees received phone calls stating that the employees would be laid off "indefinitely."

36. These changes all were made with no advance notice to Plaintiffs or other employees.

37. Several Plaintiffs spoke with members of management and Human Resources at both the local facility and by calling corporate phone numbers, receiving assurances that the facility would reopen such that Plaintiffs and other employees could not access their retirement accounts to make ends meet.

38. Nevertheless, Defendant announced the closure of its Paducah, Kentucky facility by public press release on January 22, 2020 with no advance notice to Plaintiffs, who had never returned to work from the mass layoff.

39. Defendant engaged in a mass layoff and termination of approximately 120 employees at its Paducah, Kentucky facility.

40. On or about the same dates, Defendant engaged in mass layoffs and/or plant closures at other manufacturing and distribution facilities in other locations across the United States without advance notice to the employees of those facilities.

41. Defendant was not engaged in any discussions regarding additional capital or financing that would have been derailed by providing a proper notice to employees pursuant to the WARN Act.

## CLASS ACTION ALLEGATIONS

42. Plaintiffs bring this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(1), and (b)(3) and the WARN Act, 29 U.S.C. § 2104(a)(5).

43. <u>Class Definition</u>:   Plaintiffs bring this action on behalf of themselves and all other similarly-situated employees.  Plaintiffs seek to represent a class initially defined as: "All former employees of Defendant who suffered an employment loss on or about November 27, 2019, or within forty-five (45) days of that date, without sixty (60) days advance written notice as required by the WARN Act."

44. This class may be sub-divided into a group of members who suffered employment losses at the Paducah, Kentucky facility and separate groups of members who suffered employment losses at each of Defendant's other manufacturing and distribution facilities.

45. Plaintiffs and the class members are "affected employee(s)" subject to an "employment loss" as those teams are defined in the WARN Act, 29 U.S.C. § 2101(a)(5) and (6).

46. Plaintiffs' claims satisfy the numerosity, adequacy, commonality, typicality, predominance, and superiority requirements of a class action.

47. <u>Numerosity and Class Size</u>:   The class contains in excess of one hundred members from the Paducah, Kentucky employment action and, upon information and belief, over eight hundred members from all of Defendant's facilities affected by Defendant's employment action at approximately the same time.

48. <u>Adequacy</u>:   Plaintiffs are affected employees who suffered an employment loss by Defendant on or about November 15, 2019, without the notice required by the WARN Act. They are, thereby, members of the class.  Plaintiffs are committed to pursuing this action and have retained counsel with experience prosecuting complex wage, employment, and class action litigation.  Accordingly, Plaintiffs are adequate representatives of the class and have the same interests as all of its members.  Plaintiffs will fairly and adequately protect the interests of the absent members of the class.

49. <u>Common Questions of Law and Fact</u>:   The class members have common questions of fact and law that predominate over any questions affecting only individual class members.  The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

   a. Whether the provisions of the WARN Act apply;

   b. Whether Defendant's employee layoffs on or about November 27, 2019, and within forty-five (45) days of that date, constitute a "mass layoff" or a "plant closing" under the WARN Act;

   c. Whether Defendant failed to provide the notices required by the WARN Act, 29 U.S.C. § 2102(b);

   d. Whether Defendant can avail itself of any of the provisions of the WARN Act permitting lesser periods of notice;

   e. The appropriate formulae to measure damages under the WARN Act, 29 U.S.C. § 2104(a); and

   f. The appropriate definitions and formulae to measure payments to potentially offset damages under the WARN Act, 29 U.S.C. § 2104(a)(2).

50. <u>Typicality</u>:   Plaintiffs' claims are typical of all members of the class.  Plaintiffs were laid off on or about the same date as other members of the class.  Plaintiffs, like other members of the class, were not provided with sufficient notice as required by the WARN Act.

51. <u>Nature of the Proposed Notice</u>:   Plaintiff's propose that, should the Court certify the class, notice be sent to class members via first-class mail and email.  The names and contact information of class members are readily determinable from the books and records of Defendant.

52. <u>Rule 23(b) Requirements</u>: The common questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the WARN Act claims.

53. A class action is the superior method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

54. Further, class action treatment of this action is authorized and appropriate under the WARN Act, 29 U.S.C. 2104(a)(5), which clearly provides that a plaintiff seeking to enforce liabilities under the WARN Act may sue either on behalf of himself or herself, for persons similarly situated, or both.

<u>**COUNT I**</u>

**VIOLATION OF THE WARN ACT**

55. Plaintiffs, on behalf of themselves and all similarly-situated employees of Defendant, reallege and incorporate herein the allegations contained in Paragraphs 1 through 52 as if they were set forth fully herein.

56. At all relevant times, Plaintiffs, and similarly-situated persons, have been entitled to the rights, protections, and benefits provided under the WARN Act, 29 U.S.C. § 2101 *et seq.*

57. Defendant was, and is, subject to the notice and back pay requirements of the federal WARN Act because Defendant is a business enterprise that employed one hundred (100) or more employees, excluding part-time employees, and/or employed one hundred (100) or more

employees who in the aggregate work at least 4,000 hours per week (excluding overtime) as defined in the WARN Act, 29 U.S.C. § 2101(1)(A) & (B).

58. The WARN Act regulates the amount of notice an employer must provide to employees who will be terminated due to the employer's closing of a plant or mass layoffs, as well as the back pay and other associated benefits an affected employee is due based on a violation of the required notice period. Pursuant to the WARN Act, 29 U.S.C. § 2102 and 20 C.F.R. § 639.1 – § 639.10, Defendant was required to provide at least sixty (60) days prior written notice of the termination to the affected employees.

59. Defendant willfully violated the federal WARN Act by failing to provide the required notice. Defendant failed to pay Plaintiffs and other similarly-situated employees their respective wages, salary, commissions, bonuses, accrued holiday pay, and accrued vacation for sixty (60) working days following their respective terminations, and failed to make the pension and/or 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for sixty (60) calendar days from and after the dates of their respective terminations.

60. Section 2103 of the federal WARN Act exempts certain employers from the notice requirements of the Act. 29 U.S.C. § 2103(1)-(2). None of the WARN Act exemptions apply to Defendant. Accordingly, Plaintiff and class members must receive the notice and back pay required by the WARN Act. 29 U.S.C. §§ 2102, 2014.

61. Plaintiffs and all similarly-situated employees have been damaged by Defendant's conduct constituting violations of the WARN Act and are entitled to damages for their back pay and associated benefits for each day of the violation because Defendant has not acted in good faith or with reasonable grounds to believe its acts and omissions were not a violation of the WARN Act.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all similarly-situated employees, pray for relief as follows:

1. That Defendant be served and required to answer within the time prescribed by law;

2. That a jury of eight try this cause;

3. An Order certifying that the action may be maintained as class action pursuant to Fed. R. Civ. P. 23;

4. Designation of Plaintiffs as the representatives of the Class, and counsel of record as Class Counsel;

5. That, upon the trial of this matter, an award of compensatory damages equal at least to the amounts provided by the WARN Act, 29 U.S.C. § 2104(a);

6. Costs and expenses of this action incurred herein, including reasonable attorneys' fees, pursuant to 29 U.S.C. § 2104(1)(6);

12. Pre-Judgment and Post-Judgment interest, as provided by law; and

13. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Respectfully submitted,

s/ D. Wes Sullenger
D. Wes Sullenger, KY BAR # 91861
TN BPR # 021714
IL ARDC 6322019

Sullenger Law Office, PLLC
629 Washington Street
Paducah, KY 42003
Voice: (270) 443-9401

wes@sullengerfirm.com

*Attorney for the Plaintiffs,*
*Marie "Angie" Green, Tina Myers, Brandon Perowski, David Kofron, Seth Rottgering, Ashley Conner, Nathaniel Perkins, James Richardson, Keisha Richardson, Keith Naufel, Darryl Gilbert, Tracy Atkinson, Maria Anderson, Kelsie Travis, Stanley Williams, Todd N. Lawler, Caitlyn Parrish, David L. McClain, Buffy Timmons, Holly Hiett, Andrew Hall, Ashley Jordan-Kozloski, Joshua Priddy, Linda Stokes and Paul Kitt.*